## WATTS v. WHITE.

GENERALLY a party seeking to rescind a contract, must restore the other party to the condition in which he was before the contract was made.

Plaintiff and defendant were partners in the purchase of mining claims. Defendant was the active partner, and acquainted with the value of a certain claim owned by the firm, plaintiff being ignorant of its value. Plaintiff sold his interest in this claim to defendant for greatly less than its value. *Held:* that in a suit by plaintiff against defendant, to set aside this sale for fraud and for an account, etc. an averment that defendant is indebted to plaintiff, on the account, in a sum greater than that paid by defendant for the mining claim, is, in effect, an offer to place defendant in *statu quo,* as per the rule of law.

Where a suit for real estate is brought in the wrong county, a motion to change the venue, and not demurrer, is the proper remedy. And in such case there is no discretion in the Court, the change being matter of right.

The right to try particular cases in particular counties is a mere privilege, which may be waived. It is not matter in abatement of the writ. The privilege must be claimed, by motion to change the venue, at the proper time and place.

The Court is not bound of its own motion to change the venue. *Vallejo* v. *Randall* overruled so far as it conflicts.

The late Superior Court of San Francisco had no jurisdiction of a suit affecting real estate situated outside the city limits. If this point arose on the complaint, it would be fatal. And, probably, if the fact that the property was beyond the city, appeared anywhere in the record, it would be fatal.

Mining claims are real estate within the Practice Act defining the venue of civil actions.

The Superior Court of San Francisco had jurisdiction of a suit to settle the accounts of a partnership formed for the purchase of mining claims, where both parties resided in said city; but could not by its decree affect the title to, or any interest in, the claims themselves.

The Superior Court not having jurisdiction, the Fourth District Court taking the case, by operation of law, from the former Court, possessed no greater powers in the case than the Superior Court.

APPEAL from the Fourth District.

For case, see opinion.

The Court below first having overruled the demurrer, sent the case to a Referee " to take an account of the value of the interests in certain mining claims which were sold by the plaintiff to the defendant, as mentioned in plaintiff's complaint, at the time of such sale; also, the excess of such value over and above the price paid by the defendant for the same mining interests; also, to take and state an account of the dividends declared from such mining interests, which plaintiff was entitled to receive and collect, and which were due and unpaid to the plaintiff at the time of such sale."

Upon the coming in of the report, finding one thousand five hundred and twelve dollars and fifty-eight cents due plaintiff, and upon the hearing of the cause, the Court decreed that the sale mentioned in the complaint was fraudulent, and that in

consequence thereof, plaintiff was entitled to recover damages as per report of Referee, with two hundred and thirty dollars and fifty-six cents costs.

After motions to set aside report of Referee, and for new trial, were overruled, defendant appealed.

*S. H. Dwinelle*, for Appellant.

I.   The Superior Court erred in overruling the demurrer to complaint.   (*Hunt* v. *Silk*, 5 East. 449 ; 1 T. R. 133 ; *Weston* v. *Downs*, Doug. K. B. 23 ; Story on Sales, Sec. 427 ; *Tisdale* v. *Buck-more*, 33 Maine, 461 ; *Coolidge* v. *Brigham*, 1 Met. 549, 550 ; *Jennings* v. *Gage*, 13 Ill. 610 ; *Burton* v. *Sewart*, 3 Wend. 236 ; *Kimball* v. *Cunningham*, 4 Mass. 502 ; *Conner* v. *Henderson*, 15 Id. 319 ; *Gloucester Bk.* v. *Salem Bk.* Id. 32 ; Prac. Act, Sec. 18 ; *People* v. *Gillespie*, 1 Cal. 342 ; *Vallejo* v. *Randall*, 5 Id. 461 ; *Meyer* v. *Kalkmann*, 6 Id. 582 ; *Walker* v. *Sedgwick*, 8 Id. 398 ; *McKeon* v. *Bisbee*, 9 Id. 137 ; Const. of Cal. Art. 6, Secs. 1, 4, 6 ; "Act concerning Courts of Justice," etc. passed 1853.   See Comp. Laws, 741, Sec. 19 ; Id. 743, Secs. 33, 34 ; 1 Blk. Com. 44 ; Hilliard on Real Prop. Vol. 1, 51 ; *Lord Culler* v. *Rich*, *Bullers*, Nisi Prius, 102.)

II.   Neither that Court nor the Fourth District Court had jurisdiction of the subject matter of the action.   (Pr. Act, Sec. 18, and cases cited.)

III.   The Superior Court ought not to have proceeded with the trial after it appeared that the subject matter was real estate in Yuba County.

*S. M. Bowman*, for Respondent.

I.   The right to work a mine is a privilege ; it implies no right to the soil.   The Legislature has treated it as personal property. (Act 1857, 347 ; *McClintock* v. *Dryden*, 5 Cal. 97 ; *Hicks* v. *Bell*, 3 Id. 227 ; *Irwin* v. *Phillips*, 5 Id. 140 ; *Stokes* v. *Barrett*, Id. 36 ; *Tartar* v. *Spring Creek Co.* Id. 395.)   But the Court below did not act upon the title to the claim.   It simply compelled defendant to account.

*S. H. Gray*, also, for Respondent.

1.   This is a bill in equity to settle a partnership and to annul a bill of sale which was void *ab initio* for fraud, and not an action

for the recovery of real estate, and no tender was necessary, the allegations of the bill being equivalent to a tender.

2. The miner's interest is but a franchise, and a franchise is not real estate. The action, therefore, is not local. (5 Cal. 97; 3 Id. 227; 5 Id. 140, 36, 395; 1 Hilliard on Real Prop. 8; 2 Blac. Com. 20; 2 Sandf. Sup. Ct. 560.)

BALDWIN, J. delivered the opinion of the Court—FIELD, J. concurring. TERRY, C. J. also concurred, except as to that portion of the opinion which overrules *Vallejo* v. *Randall*.

This was a bill, filed in the late Superior Court of San Francisco, to set aside a contract of sale made between plaintiff and defendant for a certain mining claim in Yuba County. The bill charges that plaintiff and defendant were engaged as partners in the purchase of mining claims; that the defendant was the active and managing partner, to whom the business was intrusted; that he became acquainted with the value of the claim, of which plaintiff was ignorant, and that defendant made false representations of the value to plaintiff, upon the faith of which the plaintiff sold to him at a price greatly below the real value. The bill further charges that profits and moneys properly belonging to the partnership came to, and are in, the hands of defendant, to an amount exceeding the sum—some four hundred dollars—paid by defendant to the plaintiff. Bill prays cancellation of the deed to the claim, account, etc.

The defendant demurred on two grounds :

1. That there was no tender to defendant of the sum received on the sale sought to be set aside.

2. That this being an action affecting real estate, the San Francisco Court had no jurisdiction.

The first point is not well taken. The general principle that a party seeking to rescind a contract must restore the other party to the condition in which he was before the contract was made is unquestionably correct. But we understand the bill offers in effect to do this. It alleges that the defendant is indebted to the plaintiff in a greater sum than that paid by the defendant. This money, in the hands of the defendant himself, is as good security to the defendant for this sum due him as the defendant could desire. The plaintiff risks his case upon the

issue of the investigation and settlement of the accounts; but, if he is right in his allegation, a Court of Equity would not require him to pay money to a party who owes him in order to enable him to wage his rights against his debtor.

2. Assuming, as we do, and as, in principle, we have held, that mining claims are real estate within the meaning of the Practice Act defining the venue of civil actions, a demurrer would not be the proper mode to take advantage of the error in bringing the case in the Court of the wrong county. If this suit had been originally brought in the Fourth District Court, it would not then have been a question of jurisdiction at all— though some *dicta*, probably, may be found in previous decisions to that effect. District Courts are Courts of general jurisdiction in all matters given them by law, wherever those matters may be locally situated, or wherever the parties may reside; but, for convenience, parties have a right to a trial of particular cases in particular counties. This is a mere privilege, which may be waived by those entitled to it. It must be claimed at the proper time and in the proper way. It is not, by our statute, matter in abatement of the writ, but a mere privilege of trial of the suit in the given county. The party desiring a change of venue should move the Court to change the place of trial, and then the Court, in the proper case, has no discretion to refuse the motion. It seems to be made by the statute a matter, in such cases as this, of peremptory right. We think the Court is not bound, of its own motion, to change the venue, and overrule so far the case of *Vallejo* v. *Randall*, (5 Cal. 461,) if that case is to be so construed. It is, however, urged, that the Superior Court of San Francisco had, by the law creating it, only jurisdiction of cases affecting real estate lying within the limits of the city. And so the Act expressly declares; for this is an enabling Act, creating a Court, which owes its whole life and powers to the statute. It has just such jurisdiction as the Act gives—no more. The grant of jurisdiction of cases of real estate in the city is equivalent to an exclusion of jurisdiction over real estate situated any where else. This point arising on the complaint, was so far fatal to it. Indeed, the fact appearing any where on the record would probably be fatal, for the Court had no authority or power over the subject.

3. As the parties, plaintiff and defendant, resided in San Francisco, we do not see why the Superior Court had not jurisdiction of the settlement of this partnership account. But it could not, by its decree, affect the title to this mining claim, or any interest in it, by setting aside the sale or affirming the title of the plaintiff to be untouched by it. Nor was it proper to decree to the plaintiff the real value of the mining claim. The fraud vitiated the sale, but it did not create another sale, or make the defendant take the property at its true value.

The objection, moreover, arose upon demurrer, and, if well taken, the defendant had a right to insist that it should be passed on correctly before he was put to answer, or stand on his defense. The main and leading object of the bill evidently was to set aside this deed for fraud; the settlement of the partnership accounts, if not auxiliary to this purpose, was a secondary matter. The averment as to the state of the account, indeed, seems to be incidentally made. We have already seen that the mining claim was beyond the jurisdiction of the Court. The Superior Court not having jurisdiction, the Fourth District Court, taking the case by operation of law from the former Court, possessed no greater powers in the case than the Superior Court. It did not pretend to act by virtue of its original jurisdiction, but only as the successor of the Superior Court. These views are conclusive of the questions on the record.

As the plaintiff may amend his bill and seems to have a good cause of action in the forum below for a portion of his claim, we reverse the decree and remand the case to be proceeded in according to the principles of this opinion.

Ordered accordingly.