# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

54 87
82 285

## JANUARY TERM, 1880.

[No. 6,900.]
## BANDY v. RANSOM ET AL.

JURISDICTION—PROHIBITION—INSOLVENCY PRACTICE.—An order of stay in insolvency proceedings, if properly made, can be enforced by the Court making it; and a disregard of the order by any court, may amount to an error for which its judgment would be reversed; but such an order does not deprive other courts of their ordinary jurisdiction within the meaning of § 1102 of the Code of Civil Procedure, so as to authorize the issue of a writ of prohibition to restrain their proceedings.

APPLICATION for a writ of prohibition to L. W. Ransom *et al.*, composing the Justices' Court of San Francisco.

The facts are stated in the opinion.

*J. B. Hart,* for Plaintiff.

The Superior Court has exclusive jurisdiction over insolvency proceedings; and the commencement of such proceedings gives . the Court control over the property of the insolvent, and exempts it from attachment and levy. (*Adams* v. *Haskell,* 6 Cal. 113 ; *Taffts* v. *Manlove,* 14 Id. 47.)

No brief on file for Defendant.

Department No. 2, SHARPSTEIN, J.:

The petitioner alleges in substance that on the 28th day of December, 1879, he filed his petition in insolvency in the County Court of the City and County of San Francisco. That thereupon the Judge of that Court issued an order for the meeting of creditors, and at the same time made an order that all proceedings against the petitioner be staid. That since said orders were made, certain of the creditors of the petitioner have commenced actions, and obtained judgments in the Justices' Court of said city and county against the petitioner, and that upon one of said judgments an execution has been issued. Wherefore the petitioner prays that a writ of prohibition issue out of this Court to said Justices' Court, prohibiting further proceedings therein in said actions.

The proceedings which the petitioner seeks to have prohibited are certainly within and not in excess of the ordinary jurisdiction of the Justices' Court. But for the order of the County Court staying proceedings against the debtor, until the question of his right to a discharge from his debts was determined, the right of the Justices' Court to proceed, as it has done, would not be questioned. That order, if properly made, can be enforced by the court which has jurisdiction of the insolvency proceedings in which it was made. Conceding, however, that it was properly made, and should be obeyed, and if not obeyed should be enforced, it did not deprive the Justices' Court of its ordinary jurisdiction within the meaning of § 1102 of the Code of Civil Procedure; although a disregard of the order by that Court might amount to an error, for which its judgment might be reversed. (*People* v. *Whitney*, 47 Cal. 584.)

The application is denied.

THORNTON, P. J., and MYRICK, J., concurred.