TORRES ET AL. *v.* TORRES ET AL.

APPEAL from the District Court of Ponce.

No. 487.—Decided May 17, 1910.

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.—Where a motion for a change of venue is made on the ground of the convenience of the witnesses, it does not raise the question of whether or not the court where the case is pending has jurisdiction.

MOTION FOR CHANGE OF VENUE FILED WITH DEMURRER.—Where a motion for change of venue, on the ground of the convenience of the witnesses, is filed together with a demurrer, it is premature, because the court cannot be called upon to exercise its discretion before there is an issue of fact.

ID.—CHANGE OF VENUE ON THE GROUND THAT ANOTHER COURT HAS JURISDICTION—DISCRETION OF COURT.—A defendant has a right to demand a change of venue when the case is properly cognizable in another district, but where the convenience of the witnesses is involved the court must exercise its discretion.

ID.—CONVENIENCE OF WITNESSES—IMPORTANCE AND RELEVANCY OF THEIR TESTIMONY.—Where an affidavit is filed in support of an application for a change of venue on the ground of the convenience of the witnesses, it should be alleged that the testimony of such witnesses is material or necessary, and what facts are hoped to be proved by their testimony, so that the court may judge of the necessity for the change.

The facts are stated in the opinion.

*Mr. Lorenzo Jiménez García* for appellants.

*Mr. José Tous Soto* for respondents.

Mr. Justice Wolf delivered the opinion of the court.

Along with a demurrer which the defendants filed in this case they also presented a motion to transfer the case from the District Court of Ponce to the District Court of Humacao, alleging that, as all the witnesses of the defendant lived in Caguas and San Juan, the convenience of witnesses required such transfer. The court refused to make the transfer because such a motion could never be granted until the defendants had answered the complaint.

We agree with the appellees that the question of whether the defendants reside or should be sued in another district is not properly raised, the motion and the affidavit confining themselves to the alleged convenience of witnesses.

Appellants allege that the court erred in considering that a motion for transfer involving the convenience of witnesses could only be presented with the answer and assert that they are within the provisions of section 82 of the Code of Civil Procedure which provides that when the district in which the action is commenced is not the proper one for the trial the action may, notwithstanding, be tried therein, unless the defendant at the time he appears and answers or demurs files an affidavit of merits and demands a transfer. We think this section should be interpreted along with section 75 of the same Code. They have relation to the cases where the defendants or the cause of action are properly in the cognizance of another district. In such event the motion for a transfer should be made on the presentation of a demurrer or an answer and at no other time and if the defendant does not raise the question, then he will be deemed to have abandoned his right. And that in such cases it is a matter of right and not of discretion was decided in the cases of *Watts* v. *White,* 13 Cal., 321, and *O'Neill* v. *O'Neill,* 54 Cal., 87.

Section 83, it is true, sets out all the cases in which a suit may be transferred, but the fact that the convenience of witnesses would be promoted by a change is not the same thing as saying that the court where the action is commenced is not the proper one.

Each of the causes which therein give rise to a transfer must be separately examined and some of them may arise at other times than on the filing of an answer or a demurrer. With respect to the third one or the question of the convenience of the witnesses, the Supreme Court of California has said: "Independent of an express provision of statute, the Superior Court ought not to be called on, before issues of fact have been joined, to decide that the convenience of witnesses will be promoted by a change of the place of trial. The Code of Civil Procedure does not require a decision which, in the nature of things, must ordinarily be premature." (*Cook* v. *Pendergast,* 61 Cal., 75.) And in *Avila* v. *Meherin,* 68 Cal., 478, the same court said that such a motion was directed to the sound discretion of the court. The court below is in the best situation to exercise its discretion for or against a transfer after issue joined.

Furthermore, neither in the motion nor the affidavit is there an allegation that the witnesses are material or necessary or what facts the defendants hoped to prove by them. The court below must be put in a position to judge these facts and the case in this respect is governed by our judgments in the case of *Arzuaga & Co.* v. *Joaquín Aramburu* (15 P. R. Rep., 165), decided by this court on March 25, 1909, and the case of *Francisco Saríe Bonilla* v. *Porto Rico Leaf Tobacco Co.* (15 P. R. Rep., 190), decided on April 12, 1909. The order appealed from is affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.