Busó, Respondent, *v.* Borinquen Sugar Co., Appellant.

Appeal from the District Court of Humacao.

No. 855.—Decided April 8, 1913.

Procedure—Pleadings—Change of Venue—Waiver.—In accordance with the provisions of section 82 of the Code of Civil Procedure, a motion for change of venue must be filed when the defendant appears and answers or demurs to the complaint, and if he fails so to do he will be deemed to have waived his right. According to this rule, a motion for a change of venue filed at the time the defendant moves for an extension of time within which to answer the complaint and asks that the two causes of action alleged in the complaint be separated, without answering or demurring to the complaint, must be overruled.

Change of Venue—Construction of Law.—Section 82 of the Code of Civil Procedure should be construed in connection with section 75 of the same code, and both refer to cases in which the defendants or the cause of action are properly in another district.

Id.—Question of Right—Discretion.—A change of venue under the foregoing conditions is a question of right and not of discretion.

Id.—Submission to Jurisdiction.—In accordance with section 77 of the Code of Civil Procedure, when the defendant appears and moves for a change of venue and at the same time asks that the plaintiff be required to separate the causes of actions alleged in the complaint and that he be granted an extension of time in which to answer the complaint after the ruling on the motion for a change of venue, he submits to the jurisdiction of the court.

The facts are stated in the opinion.

*Messrs. Alvarez Nava* and *Domínguez* for appellant.

*Messrs. Aponte* and *Aponte* for respondent.

Mr. Chief Justice Hernández delivered the opinion of the court.

On March 12, 1912, Francisco Busó Cabrera filed a complaint in the District Court of Humacao against the Borin-

quen Sugar Company praying that judgment be rendered ordering the defendant corporation to cease the nuisances which it was committing upon a certain property of the plaintiff and, consequently, to abstain from throwing or discharging into the Antón Ruiz River or its tributaries, directly or through others, all liquids, refuse, residues, or filthy matter proceeding from, or connected with, the manufacture of sugar in the central Pasto Viejo, or in any other place belonging to said corporation, and to abstain absolutely from contaminating the waters of said river or its tributaries with any solid or liquid matter, and that the defendant corporation be adjudged to pay damages to the plaintiff in the sum of $4,714.50, with costs and attorney's fees.

The summons having been served on the defendant corporation, it filed a motion in the court on the 23d of said month of March asking that the plaintiff be ordered to separate the two causes of action alleged in the complaint and that defendant be allowed 10 days from the time of the ruling on the motion to answer. On that same date they filed another motion asking for a change of *venue* to the proper district, accompanied by two affidavits, one tending to show that the defendant corporation had a good defense and the other to the effect that the main office of the defendant corporation is in house No 44 Allen Street of this capital, within the judicial district of San Juan, Section 1, and not within the district of Humacao, where the said corporation has its sugar factory.

By an order made on said 23d day of March the court granted the defendant corporation 10 days in which to answer the complaint, counting from the date of the expiration of the period within which the answer should have been filed, and by another order of the same date it set the hearing of the motion for a change of *venue* for April 4 following.

Prior to April 4, or on March 28, the defendant filed a demurrer to the complaint on the ground that it was uncertain and prayed the court to order the plaintiff to plead his

two causes of action separately and clearly, and that the costs be imposed upon the plaintiff. On the same day the defendant filed another document waiving the extension of time granted for answering the complaint and ratifying the motion for the separation of the causes of action.

The plaintiff opposed the motion for a change of *venue* because of the fact that the corporation has its residence in the judicial district of Humacao where its factory is located, because said corporation had submitted to the jurisdiction of said court by taking other steps besides the motion for a change of *venue* and because the motion for a change of *venue* was not filed within the time prescribed by law.

By a ruling of April 20, 1912, the court overruled the motion for a change of *venue* and from that order the Borinquen Sugar Company took the appeal submitted to our consideration after the legal formalities had been duly complied with.

We are of the opinion that the District Court of Humacao acted within the law in entering the order appealed from.

Section 82 of the Code of Civil Procedure, applicable to the case, reads:

"Section 82. If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district."

As may be seen, according to the Spanish text of the section above transcribed, it emphatically requires that the motion for a change of *venue* shall be made at the time of appearing to answer or demur and according to the English text, at the time that the moving party appears and answers or demurs to the complaint. On filing its motion for a change of *venue* on March 23, 1912, the defendant corporation filed another motion on the same date asking that the two causes of action pleaded in the complaint be separated

and that the time to answer be extended 10 days after the ruling on the former motion, but without filing an answer or a demurrer. It failed, therefore, to apply for a change of *venue* in accordance with the provisions of the law.

The appellant contends that the joining of a demurrer or an answer to a motion for a change of *venue* is not an indispensable requisite, but that the filing of the motion for a change of *venue* at the time of making the first appearance is sufficient, as was done in this case. This defense is inadmissible because it is contrary to the clear and express provisions of section 82 of the Code of Civil Procedure, from whose literal text we cannot deviate, as will be seen from section 13 of the Civil Code.

"When a law is clear and free from all ambiguity, the letter of the same shall not be disregarded under the pretext of fulfilling the spirit thereof."

In our decision in the case of *Torres et al.* v. *Torres et al.,* 16 P. R. R., 334, we said:

"* * * We think this section (section 82 of the Code of Civil Procedure) should be interpreted along with section 75 of the same code. They have relation to the cases where the defendants or the cause of action are properly in the cognizance of another district. In such event the motion for a transfer should be made on the presentation of a demurrer or an answer and at no other time and if the defendant does not raise the question, then he will be deemed to have abandoned his right. And that in such cases it is a matter of right and not of discretion was decided in the cases of *Watts* v. *White,* 13 Cal., 321, and *O'Neill* v. *O'Neill,* 54 Cal., 87."

The complaint of Francisco Busó Cabrera was demurred to five days after the motion for a change of *venue* was filed, for the reason that we cannot class as a demurrer the motion filed on that same date asking for the separation of the two causes of action alleged in the complaint and for an extension of time in which to answer.

Moreover, section 77 of the Code of Civil Procedure provides that the defendant submits himself to the jurisdiction of a court when, after his appearance in court, he takes any step other than to request that the trial be held in the proper court.

On the same day the defendant corporation filed the motion for a change of *venue* it asked that the plaintiff be ordered to separate the two causes of action alleged in the complaint and that it be given 10 days from the time of the ruling on the motion in which to file an answer and later it renounced said extension of time after it had been granted.

By taking these steps the defendant submitted to the jurisdiction of the Humacao court.

The defendant having failed to comply with the provision of section 82 of the Code of Civil Procedure in filing the motion for a change of *venue* and having submitted itself besides to the jurisdiction of the Humacao court in accordance with the terms of section 77 of the same code, it would be useless to discuss which would have been the court of proper jurisdiction if the motion for a change of *venue* had been presented in due form and the defendant had not submitted to the jurisdiction.

For the reasons stated we are of the opinion that the order made by the District Court of Humacao on April 20, 1912, should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.