Ortíz, Plaintiff and Appellant, *v.* Gómez, Municipal Judge, Respondent.

Appeal from the District Court of Guayama in *Certiorari* Proceedings begun in the said Court against the Judge of the Municipal Court of Guayama to set aside an Order Refusing a Change of Venue.

No. 1173.—Decided December 14, 1914.

Submission to Jurisdiction—Motion to Quash Summons.—A defendant who appears before a court for the sole purpose of moving to quash the summons does not submit to the jurisdiction of the court if the summons is really void; but, if the summons is valid, he submits constructively.

Change of Venue—Motion to Quash Summons.—The appearance of a defendant for the sole purpose of moving to quash the summons is no bar to his making a motion for change of venue to the court of his domicile when he appears to answer or demur, although his motion to quash was overruled.

Id.—Construction of Law.—Section 77 of the Code of Civil Procedure should be applied in connection with sections 82 *et seq.* of the same code in motions for change of venue.

Special Appearance—General Appearance.—The appearance of a defendant for the sole purpose of attacking the validity of the summons is of a special character while the appearance of a defendant to move the court to direct the plaintiff to separate the causes of action set out in the complaint and to grant an extension of time for filing his answer, is of a general character.

Change of Venue—Matter of Right.—A motion for change of venue on the ground that the defendant resides in another district than that where the action was brought, is a matter of right and not of discretion.

The facts are stated in the opinion.

*Mr. Manuel Tous Soto* for the appellant.

The respondent did not appear.

Mr. Justice del Toro delivered the opinion of the court.

This is an appeal from a final decision of ·the District Court of Guayama denying a certain petition for a writ of *certiorari.*

The record shows the facts to be as follows: Mariano Rovellat Canals filed a complaint against José María Ortíz y Rivera, represented by his natural mother, Simona Rivera, in the Municipal Court of Guayama for the recovery of professional fees. It was alleged in the complaint that defendant José María Ortíz was a minor. Only Simona Rivera was summoned. Default was entered against the defendant and judgment was rendered for the plaintiff as prayed for in the complaint. The case standing thus, defendant Ortíz, represented by his natural mother, Simona Rivera, appeared by his attorney and moved the court to set aside all the proceedings on the ground that the summons was void. The plaintiff made no objection and the court sustained the defendant's motion. Another summons was issued and the defendant again moved the court to quash the same, which the court did. A third summons was issued and the defendant once more moved the court to quash it, but this time the court ruled against him. Thereupon the defendant filed jointly a demurrer alleging that the complaint did not state facts sufficient to constitute a cause of action, a motion for change of venue to the municipal court of his domicile, and an affidavit of merits for the purpose of showing that he had a good and sufficient defense. Without considering the merits of the motion for change of venue the court overruled the same, holding that the defendant had submitted to its jurisdiction. The defendant then applied to the district court for relief by means of the extraordinary writ of *certiorari* and on May 19, 1914, the said court denied the application and remanded the case to the municipal court to be proceeded with according to law.

Having stated the foregoing facts, we will proceed to consider and decide the legal question involved.

Does a defendant submit to the jurisdiction of a court when he appears before it for the sole purpose of moving to quash a summons commanding him to answer a complaint filed by another person in said court?

We are of the opinion that if the summons is really void he does not so submit; but that if it is valid, he does so constructively.

In the present case the Municipal Court of Guayama twice held that the summons served on the defendant was void. Up to that time the legal status of the case was that a complaint had been filed only.

The defendant was again summoned. He moved the court to quash that summons, but the court held that it was valid. Therefore, if the ruling of the municipal court was well founded, it must be held, in accordance with section 98 of the Code of Civil Procedure, that the court acquired constructive jurisdiction over the parties and that all subsequent proceedings were within its jurisdiction from the time of the service of the valid summons with a copy of the complaint.

Now, does the fact that the defendant was properly summoned and that, therefore, it must be assumed that the court acquired constructive jurisdiction of his person, forbid that upon appearing to answer or demur to the complaint said defendant may move for change of venue to the court of the place where he resides? We think not.

In support of his refusal to grant a change of venue the municipal judge cites subdivision 3 of section 77 of the Code of Civil Procedure and the decision of this court in the case of *Busó* v. *Borinquen Sugar Co.,* 19 P. R. R., 337.

The case of *Hernaiz, Targa & Co.* v. *Vivas,* 20 P. R. R., 99, should be consulted with regard to the origin and construction of section 77 of the Code of Civil Procedure. In the matter of change of venue, the said section should be applied always in connection with sections 82 *et seq.* of the same code.

The case of *Busó* v. *Borinquen Sugar Co.* is different from the one at bar. There the defendant did not file a motion for change of venue when he appeared to demur to the complaint, as was done in the preset case, but moved the court to order the plaintiff to separate the causes of action set up in the complaint and to grant him an extension of time in which to file his answer. Here when the defendant appeared the first two times he only moved the court to quash the summons, *i. e.*, he only attacked the validity of the writ giving the court jurisdiction over his person. In the Busó case the appearance of the defendant was manifestly of a general character. In this case it is of a special nature. *In re Clarke,* 125 Cal., 388; *Security, etc., Co.* v. *Boston, etc., Co.,* 126 Cal., 418. In the Busó case the motion for change of venue was not made in accordance with the procedure established by law. In this case such procedure has been followed to the letter. Section 82 of the Code of Civil Procedure.

Therefore, the motion for change of venue, based on the fact that the defendant resides in another district than that where the action was brought, being a matter of right and not of discretion (*Watts* v. *Whyte,* 13 Cal., 321; *O'Neil* v. *O'Neil,* 54 Cal., 187), we are of the opinion that the action of the Municipal Court of Guayama in refusing to consider on its merits the motion for change of venue filed by the defendant in the action brought against him by Mariano Rovellat Canals for the recovery of professional fees, and in holding that the said defendant had no right to make the said motion because he had submitted to the jurisdiction of said court by appearing and moving the court to quash the summons, is erroneous and should have been corrected by the District Court of Guayama in the *certiorari* proceeding brought before it.

Therefore, the decision appealed from should be reversed

and the municipal court ordered to hear and decide the motion for change of venue on its merits.

> *Decision reversed, order of the Municipal
> Court of Guayama overruling motion for
> change of venue set aside and court directed
> to hear and decide said motion on its merits.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.