Busó, Apelado, *v.* Borinquen Sugar Co., Apelante.

Apelación procedente de la Corte de Distrito de Humacao.

No. 855.—Resuelto en abril 8, 1913.

Traslado de un Pleito—Tiempo para Pedirlo—Renuncia.—De acuerdo con el artículo 82 del Código de Enjuiciamiento Civil, la moción de traslado de un pleito debe hacerse cuando el demandado comparece ·y contesta o excepciona la demanda y de no hacerlo así se entiende que renuncia su derecho. De acuerdo con esta regla, una moción de traslado hecha cuando el demandado pide prórroga para contestar la demanda y solicita que se separen las dos causas de acción alegadas en la demanda, sin contestarla ni excepcionarla, es improcedente.

Id.—Interpretación del Estatuto.—El artículo 82 del Código de Enjuiciamiento Civil debe interpretarse en relación con el artículo 75 del propio código, y ambos se refieren a los casos en que los demandados o la causa de acción estén debidamente en otro distrito.

Id.—Cuestión de Derecho.—El traslado de una causa en las anteriores condiciones es una cuestión de derecho y no discrecional.

Id.—Sumisión a la Jurisdicción.—De acuerdo con el artículo 77 del Código de Enjuiciamiento Civil, cuando el demandado comparece y al mismo tiempo que presenta una moción de traslado pide que se ordene al demandante que separe las causas de acción alegadas en la demanda, y que se le conceda un término para contestar dicha demanda después de resuelta la moción de traslado, queda sometido a la jurisdicción de la corte.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *Alvarez Nava* y *Domínguez.*

Abogados del apelado: Sres. *Aponte* y *Aponte.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 12 de marzo del año 1912, Francisco Busó Cabrera presentó demanda ante la Corte de Distrito del Distrito Judicial de Humacao contra Borinquen Sugar Company, con súplica de que en su día se dictara sentencia ordenando que cese la perturbación que en cierta finca de la propiedad del demandante causa la corporación demandada y que ésta se abstenga en su consecuencia de echar o arrojar por sí o por medio de otros, al río "Antón Ruiz" o sus afluentes, ninguna clase de aguas, desperdicios, residuos, o inmundicias provenientes de la elaboración del azúcar o relacionados con

ella en la factoría de Pasto Viejo o en cualquier otro sitio sujeto a dicha corporación y que se abstenga en absoluto de contaminar las aguas de dicho río o sus afluentes con sustancias o líquido alguno, condenando además a la demandada a pagar al demandante en concepto de daños y perjuicios causados, la suma de $4,714.50 juntamente con el montante de las costas y honorarios de abogado.

Emplazada la corporación demandada, presentó moción a la corte en 23 de marzo citado, para que se ordenara al demandante la separación de las dos causas de acción que se establecían en la demanda y se concediera a la demandada una prórroga para contestarla hasta diez días después de resuelta dicha moción; y en la misma fecha produjo otra moción para que se cambiara el lugar del juicio del caso y se trasladara éste al distrito correspondiente, a cuya solicitud se acompañaron dos *affidavits,* uno de méritos tendente a demostrar que la corporación demandada tenía una buena defensa, y el otro relativo a que la oficina principal de la corporación demandada, está situada en la casa No. 44 de la Calle de Allen de esta Capital, Distrito Judicial de San Juan, sección 1ª. y no dentro del Distrito de Humacao, donde sólo radica la factoría azucarera que dicha corporación explota.

Por orden del mismo día 23 de márzo, la corte concedió a la demandada diez días de prórroga para contestar la demanda a contar desde la fecha del vencimiento del término de contestación y por otra orden del mismo día señaló para la vista de la moción de traslado el 4 de abril siguiente.

Antes de que llegara esa fecha, 4 de abril, o sea en 28 de marzo, archivó la parte demandada una excepción previa a la demanda por el fundamento de que era dudosa, suplicando se ordenara al demandante que alegara sus dos causas de acción en forma separada y clara con las costas a su cargo y en la propia fecha radicó otro escrito renunciando la prórroga que le había sido concedida para contestar la demanda y dejando subsistente su moción sobre separación de acciones.

La parte demandante impugnó la moción de traslado del

lugar del juicio, ya porque la corporación demandada tenía
su residencia en el distrito judicial de Humacao donde radi-
caba el centro de la industria que explotaba, ya porque dicha
corporación se sometió a la jurisdicción de dicha corte prac-
ticando gestiones distintas de la solicitud de traslado, ya
porque la petición de traslado no se hizo en los términos pre-
venidos por la ley.

La corte, por resolución de 20 de abril del año próximo
pasado, desestimó la moción de traslado y contra esa reso-
lución se interpuso por la Borinquen Sugar Company recurso
de apelación para ante esta Córte Suprema sometido a nues-
tra decisión después de llenos los trámites légales.

Opinamos que la Corte de Distrito de Humacao procedió
con arreglo a derecho al dictar la orden recurrida.

El artículo 82 del Código de Enjuiciamiento Civil apli-
cable al caso, dice así:

"Artículo 82. Si el distrito en que se establece la demanda no es
el en que deba seguirse el juicio, podrá, sin embargo, continuarse en
aquél, a menos que el demandado al comparecer a contestar o a for-
mular excepciones, presente una declaración jurada y fundada y pida
por escrito que el juicio se celebre en el distrito correspondiente."

Como se ve, el artículo transcrito exige terminantemente
que el traslado se pida al comparecer a contestar o a formu-
lar excepciones, según el texto español, y según el texto in-
glés, al tiempo en que el demandado comparece y contesta
o excepciona la demanda.   Al formular la corporación de-
mandada su petición de traslado en 23 de marzo de 1912, lo
hizo presentando en la misma fecha una moción para que
se separaran las dos causas de acción que se establecían en
la demanda y se le prorrogara el término para contestarla
hasta diez días después de resuelta esa moción, sin que en-
tonces contestara ni excepcionara la demanda.   No hizo, pues,
su petición de traslado en los términos prevenidos por la ley.

Alega la parte apelante que no es indispensable que a toda
moción de traslado vaya unida una excepción previa o con-

testación, sino que basta que al hacer la primera comparecencia en el pleito acompañe el demandado, como ha sucedido en el presente caso, su moción de traslado. Tal defensa es inadmisible por ser contraria al precepto claro y terminante del artículo 82 del Código de Enjuiciamiento Civil, de cuyo texto literal no podemos apartarnos, atemperándonos así al artículo 13 de nuestro Código Civil. "Cuando la ley es clara y libre de toda ambigüedad (dice ese artículo) la letra de ella no debe ser menospreciaba bajo el pretexto de cumplir su espíritu."

Al resolver el caso de *Torres et al* v. *Torres et al,* 16 D. P. R., 352, dijimos: "Creemos que este artículo (82 del Código de Enjuiciamiento Civil) debe interpretarse en harmonía con el artículo 75 del propio código. Ellos hacen referencia a los casos en que los demandados o la causa de acción estén debidamente en otro distrito. En tal caso, la moción pidiendo el traslado, debe hacerse al presentarse la excepción previa o la contestación y no en otra fecha, y si el demandado no promueve entonces la cuestión, se considerará que ha abandonado su derecho. Y que en tales casos, esto era una cuestión de derecho y no discrecional, fué resuelto en los casos de Watts, 13 Cal., 321, y *O'Neill* v. *O'Neill,* 54 Cal., 87."

La demanda de Francisco Busó Cabrera fué excepcionada cinco días después de presentada la moción de traslado, pues no podemos considerar como excepción la moción de la misma fecha pidiendo la separación de las dos causas de acción que se establecían en la demanda y una prórroga para contestarla.

Aun más, el artículo 77 del Código de Enjuiciamiento Civil establece que el demandado queda sometido a la jurisdicción de una corte por el hecho de hacer después de personado en el juicio cualquier gestión que no sea la de pedir que se celebre ante la corte correspondiente.

La corporación demandada en la misma fecha en que presentó la moción de traslado pidió se ordenara al demandante que separara las causas de acción alegadas en la demanda y

se le concediera el término de diez días para contestarla después de resuelta dicha moción, habiendo renunciado luego la prórroga concedida.

Con semejantes gestiones quedó sometida la demandada a la jurisdicción de la Corte de Humacao.

No habiéndose ajustado la parte demandada al precepto del artículo 82 del Código de Enjuiciamiento Civil al presentar la moción de traslado y habiéndose sometido además a la jurisdicción de la Corte de Humacao, con arreglo al precepto del artículo 77 del mismo código, huelga discutir qué corte hubiera sido la competente si la moción de traslado se hubiera hecho en forma y no hubiera habido sumisión por parte de la demandada.

Por las razones expuestas, entendemos procede la confirmación de la orden recurrida que dictó la Corte de Distrito de Humacao en 20 de abril del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.