ORTIZ, DEMANDANTE Y APELANTE, *v.* GÓMEZ, JUEZ MUNICIPAL, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Guayama en un caso de *certiorari* iniciado en dicha corte contra el Juez de la Corte Municipal de Guayama para anular cierta orden denegando el traslado de un pleito.

No. 1173.—Resuelto en diciembre 14, 1914.

SUMISIÓN DEL DEMANDADO A LA JURISDICCIÓN DE UNA CORTE—COMPARECENCIA PIDIENDO LA NULIDAD DEL EMPLAZAMIENTO.—El demandado que comparece ante una corte a los únicos efectos de solicitar la nulidad del emplazamiento, no queda sometido a la jurisdicción de la corte si el emplazamiento es en realidad de verdad nulo, pero queda en' principio, si no lo es.

TRASLADO DE UN PLEITO—SI PUEDE SOLICITARSE DESPUÉS DE PEDIR LA NULIDAD DEL EMPLAZAMIENTO.—La comparecencia de un demandado a los únicos efectos de pedir la nulidad del emplazamiento, aun cuando se resuelva después que el emplazamiento es válido, no le impide solicitar el traslado del pleito a la corte de su residencia al comparecer a contestar a o formular excepciones.

ID.—INTERPRETACIÓN DEL ARTÍCULO 77 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.—A los efectos del traslado de pleitos, el artículo 77 del Código de Enjuiciamiento Civil debe aplicarse siempre en relación con el 82 y siguientes de dicho código. *Hernaiz, Targa & Co.* v. *Vivas*, 20 D. P. R., 106, 114.

COMPARECENCIA ESPECIAL DEL DEMANDADO—COMPARECENCIA DE CARÁCTER GENERAL.—La comparecencia de un demandado para atacar únicamente la validez del emplazamiento, es de carácter especial, mientras que la comparecencia de un demandado pidiendo a la corte que ordene al demandante que separe las causas de acción que ejercita en la demanda y que se le conceda una prórroga para archivar su contestación, es de carácter general.

TRASLADO DE PLEITOS—RESIDENCIA DEL DEMANDADO EN UN DISTRITO DISTINTO—CUESTIÓN DE DERECHO.—La solicitud de traslado fundada en que el demandado reside en un distrito distinto de aquel en que se interpone la demanda, es una cuestión de derecho y no discrecional.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel Tous Soto.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra resolución de la Corte de Distrito de Guayama por virtud de la cual se desestimó finalmente cierta petición de "*certiorari.*"

Los hechos, tales como aparecen de los autos, son así: Mariano Rovellat Canals estableció una demanda en la Corte Municipal de Guayama contra José María Ortiz y Rivera, representado por su madre natural Simona Rivera, en cobro de honorarios profesionales. En la misma demanda se hizo constar que el demandado José María Ortiz era menor de edad. Se emplazó únicamente a Simona Rivera. Se pidió y obtuvo la anotación de rebeldía del demandado, y se dictó sentencia en contra suya concediendo lo pedido en la demanda. Así las cosas, compareció el demandado Ortiz, representado por su madre natural Simona Rivera, por medio de su abogado, y solicitó que se dejara sin efecto todo lo actuado por ser nulo el emplazamiento. El demandante se allanó y la corte resolvió de conformidad con lo solicitado por el demandado. Volvió a expedirse nuevo emplazamiento y volvió el demandado a solicitar su nulidad y la corte a decretarla. Se expidió un tercer emplazamiento; el demandado solicitó también que fuera declarado nulo y esta vez la corte resolvió en contra suya. En tal estado el procedimiento, el demandado archivó conjuntamente una excepción previa alegando que la demanda no aducía hechos suficientes para determinar una causa de acción, una solicitud de traslado del pleito a la corte municipal de su domicilio y un *affidavit* de méritos a los efectos de demostrar que le asistía una buena y suficiente defensa. La corte municipal, sin entrar a considerar los méritos de la solicitud de traslado, la desestimó por entender que el demandado se había sometido a su jurisdicción. El demandado acudió entonces a la Corte de Distrito de Guayama por medio de un recurso extraordinario de *certiorari,* y la corte de distrito, el 19 de mayo de 1914, desestimó su petición y ordenó la devolución de los autos a la corte municipal para que continuara el procedimiento de acuerdo con la ley.

Expuestos los hechos que anteceden, procederemos al estudio y resolución de la cuestión legal envuelta.

¿Queda sometido a la jurisdicción de una corte el deman-

dado que ante ella comparece a los únicos efectos de solici-
tar la nulidad del emplazamiento que se le ha hecho para
contestar una demanda entablada por otra persona ante la
expresada corte?

A nuestro juicio, si el emplazamiento es en realidad de
verdad nulo, no queda sometido; pero si no lo es, queda,
en principio.

En el presente caso, por dos veces se declaró por la Corte
Municipal de Guayama la nulidad del emplazamiento hecho
al demandado. Hasta ese momento el estado de derecho del
asunto, era: una demanda entablada y nada más.

Pero volvió a emplazarse al demandado. Este solicitó
la nulidad del emplazamiento y la corte resolvió que el em-
plazamiento era valido. Si la resolución de la corte muni-
cipal estuvo bien fundada, entonces, de acuerdo con la ley,
artículo 98 del Código de Enjuiciamiento Civil, debe consi-
derarse que la corte adquirió en principio jurisdicción sobre
las partes y que todo procedimiento subsiguiente le quedó
sometido desde la entrega del emplazamiento válido y de la
copia de la demanda.

Ahora bien, el hecho de que el demandado fuera debida-
mente emplazado y de que por tanto deba partirse de la
base de que la corte municipal adquirió jurisdicción en prin-
cipio sobre su persona, ¿impide que el dicho demandado
pueda, al comparecer a contestar o a formular excepciones,
solicitar el traslado del pleito a la corte de su residencia?
A nuestro juicio, no lo impide.

Cita el juez municipal en apoyo de su resolución negando
el traslado del pleito, el artículo 77, No. 3, del Código de
Enjuiciamiento Civil, y la decisión de esta Corte Suprema
en el caso de *Busó* v. *Borinquen Sugar Co.,* 19 D. P. R., 357.

Con respecto al origen e interpretación del artículo 77
del Código de Enjuiciamiento Civil, debe examinarse el caso
de *Hernáiz, Targa & Co.* v. *Vivas,* 20 D. P. R., 106, 114. A
los efectos del traslado de pleitos, dicho artículo debe apli-

carse siempre en relación con el 82 y siguientes del propio cuerpo legal.

El caso de *Busó* v. *Borinquen Sugar Co.* es distinto a éste que estamos considerando. En el de Busó la parte demandada no presentó como en éste su solicitud de traslado al comparecer a excepcionar la demanda. Allí la parte demandada pidió a la corte que ordenara al demandante que separara las causas de acción que ejercitaba en la demanda y que le concediera una prórroga para archivar su escrito de contestación. Aquí la parte demandada limitó sus primeras comparecencias a pedir la nulidad del emplazamiento, esto es, a atacar la validez del documento determinante de la jurisdicción de la corte sobre la persona del demandado. En el caso de Busó la comparecencia del demandado es claramente de carácter general. En éste, de naturaleza especial. *In re Clarke,* 125 Cal., 388; *Security etc. Co.* v. *Boston etc. Co.,* 126 Cal., 418. En el caso de Busó la petición de traslado no se hizo siguiendo el procedimiento marcado por la ley. En éste se ha seguido a la letra tal procedimiento. Art. 82 del Código de Enjuiciamiento Civil.

En tal virtud y siendo la solicitud de traslado fundada en que el demandado reside en un distrito distinto de aquel en que se interpone la demanda una cuestión de derecho y no discrecional, *Watts* v. *White,* 13 Cal., 321, *O'Neil* v. *O'Neil,* 54 Cal., 187, opinamos que el procedimiento seguido por la corte municipal de Guayama, negándose de hecho a considerar por su méritos la petición de traslado del demandado en el pleito seguidole por Mariano Rovellat Canals en cobro de honorarios profesionales y resolviendo que el dicho demandado no tenía derecho a hacer tal petición por haberse sometido a la jurisdicción de dicha corte por virtud de sus comparecencias solicitando la nulidad del emplazamiento, es erróneo y debió haber sido corregido por la Corte de Distrito de Guayama en el recurso de *certiorari* ante ella interpuesto.

En su consecuencia, debe revocarse la resolución apelada

y ordenarse al juez municipal que proceda a considerar la solicitud de traslado que se le presentara y a resolverla por sus propios méritos.

> *Revocada la resolución apelada, anulada la orden de la Corte Municipal de Guayama denegando la solicitud de traslado y se ordena a dicha corte municipal que resuelva dicha solicitud de traslado por sus propios méritos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.