APONTE, JR., DEMANDANTE Y APELADO, *v.* ATLAS COMMERCIAL CO. ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre daños y perjuicios.

No. 1880.—Resuelto en marzo 18, 1919.

TRASLADO DEL PLEITO—JURISDICCIÓN—SUMISIÓN DE LAS PARTES—COMPARECENCIA.—En este caso la demandada compareció el 8 de abril de 1918 pidiendo el traslado del pleito y el mismo día solicitó la eliminación de ciertos particulares de la demanda. Nada resolvió la corte, y en mayo 2, 1918, la demandada presentó otra solicitud de traslado acompañada de excepciones previas. La corte finalmente negó el traslado y, apelada su resolución, *se decidió:* que no habiéndose solicitado la traslación en la forma prescrita por el artículo 82 del Código de Enjuiciamiento Civil, la corte de distrito estuvo justificada al negarla.

Los hechos están expresados en la opinión.
Abogado de los apelantes: *Sr. Henry G. Molina.*

Abogados del apelado: *Sres. J. López del Valle* y *Arturo Aponte, Jr.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Arturo Aponte, Jr., entabló una demanda en la Corte de Distrito de Humacao contra la Atlas Commercial Co. y Francisco Fournier, en reclamación de cierta suma de dinero por concepto de daños y perjuicios. El 8 de abril de 1918 compareció la demandada Atlas Commercial Co. y pidió el traslado del pleito a la Corte de Distrito de San Juan, lugar en donde tiene establecida su oficina principal, y el mismo día solicitó también la dicha demandada que la corte decretara la eliminación de ciertos particulares de la demanda. Nada resolvió la corte y el 2 de mayo 1918 la demandada presentó otra solicitud de traslado y un escrito de excepciones previas. La Corte de Distrito de Humacao negó el traslado porque en su opinión "los demandados al radicar con su primera moción de traslado otra moción solicitando la eliminación de ciertas alegaciones de la demanda, se han sometido a la jurisdicción de esta corte." No conforme con esa resolución, la Atlas Commercial Co. apeló de ella para ante este Tribunal Supremo. La vista del recurso se celebró con la sola asistencia de la parte apelante que es la única además que ha comparecido por escrito.

Reconoce la parte apelante que existen numerosas resoluciones del Tribunal Supremo de California decidiendo que cualquiera comparecencia del demandado antes de su petición de traslado implica su sumisión, de acuerdo con los términos del estatuto, y cita él mismo los casos de *Watts* v. *White,* 13 Cal. 321, y *Pennio* v. *Visher,* 94 Cal. 323, pero alega que nunca renunció su derecho a pedir el traslado; que desde el principio insistió en el traslado, y que antes de que la corte resolviera sus dos primeras mociones, radicó una nueva moción de traslado en unión de excepciones previas a la demanda, por todo lo cual sostiene que la corte de distrito erró al decidir que había quedado sometido a su jurisdicción. La apelante

cita en apoyo de su teoría el caso de *Nicholl* v. *Nicholl*, 66 Cal. 36.

Hemos examinado dicho caso y es distinto al que estamos considerando y resolviendo. Allí el demandado pidió primeramente el traslado, sin hacer ninguna otra gestión, y luego, al tiempo de contestar, volvió a pedir el traslado. Aquí el demandado pidió el traslado y al mismo tiempo solicitó la eliminación de varios particulares de la demanda y cerca de un mes después, antes de que la corte hubiera resuelto sus primeras peticiones, solicitó el traslado y formuló excepciones.

Esta Corte Suprema en el caso de *Busó* v. *Borinquen Sugar Co.*, 19 D. P. R. 357, decidió que cuando una parte demandada presenta una solicitud de traslado y al mismo tiempo una moción para que se ordene la separación de las dos causas de acción ejercitadas por el demandante y solicita prórroga para contestar la demanda, debe negarse el traslado por no haberse solicitado de acuerdo con la ley. El tribunal transcribe el artículo 82 del Código de Enjuiciamiento Civil y luego dice: "Como se ve, el artículo transcrito exige terminantemente que el traslado se pida al comparecer a contestar o a formular excepciones, según el texto español, y según el texto inglés, al tiempo en que el demandado comparece y contesta o excepciona la demanda * * * . Alega la apelante que no es indispensable que a toda moción de traslado vaya unida una excepción previa o contestación, sino que basta que al hacerse la primera comparecencia en el pleito acompañe el demandado, como ha sucedido en el presente caso, su moción de traslado. Tal defensa es inadmisible por ser contraria al precepto claro y terminante del artículo 82 del Código de Enjuiciamiento Civil, de cuyo texto literal no podemos apartarnos, atemperándonos así al artículo 13 de nuestro Código Civil. 'Cuando la ley es clara y libre de toda ambigüedad (dice ese artículo) la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu.' "

Siendo esto así, nos vemos obligados a concluir que no habiendo la Atlas Commercial Co. solicitado el traslado de

acuerdo con la ley, estuvo justificada al negar su petición la córte de distrito. La circunstancia de no haber aun resuelto la corte la primera moción de la dicha demandada cuando ésta presentó su segunda petición solicitando entonces el traslado siguiendo el procedimiento marcado por la ley, no puede tener el alcance que pretende la apelante, ya que no es posible destruir el hecho de su primera actuación. Conociendo la ley y la jurisprudencia, la otra parte pudo confiar en que la demandada había quedado sometida.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

> *Declarado sin lugar el recurso y confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison disintió en la resolución de este caso.