ALMENAS, PETICIONARIO Y APELANTE, *v.* IRIARTE, JUEZ MUNICIPAL, Y VÁZQUEZ, DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda en pleito sobre auto inhibitorio. Traslado de causa.

No. 2426.—Resuelto en abril 28, 1921.

CORTE COMPETENTE EN ACCIONES DE DAÑOS Y PERJUICIOS—INTERPRETACIÓN DEL ARTÍCULO 79 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL—TRASLADO DEL PLEITO—COMPETENCIA.—Atendido el conflicto que existe respecto al número 1 del artículo 79 del Código de Enjuiciamiento Civil entre el texto español y el inglés, es preciso concluir que la corte competente para conocer de una acción en la que se reclama una indemnización de daños y perjuicios por valor de $400 a causa de negligencia, es la municipal del domicilio del demandado

y no la del lugar donde se originó la causa de acción. Tales acciones no deben gobernarse por el precepto legal citado sino por el artículo 81 de dicho estatuto.

Los hechos están expresados en la opinión.

Abogado de la parte apelante: *Sr. A. L. López.*

La parte apelada no presentó alegato.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por Julio Almenas Quiñones contra sentencia de la Corte de Distrito de San Juan, Sección Segunda, de 5 de febrero de 1921 desestimando una solicitud de auto inhibitorio contra el Juez de la Corte Municipal de Río Piedras y Hermenegildo Vázquez.

La anterior solicitud, jurada por el peticionario, muestra que en la Corte Municipal de Río Piedras entabló una acción Hermenegildo Vázquez contra Julio Almenas Quiñones sobre cobro de $400 por indemnización de daños y perjuicios, fundada en que el día 8 de mayo de 1920 cuando Almenas Quiñones guiaba un automóvil de su propiedad, por culpa y negligencia del mismo, chocó con un carro de la propiedad de Vázquez causándole desperfectos apreciados en la suma de $400; que Almenas Quiñones fué emplazado en la ciudad de Caguas donde residía a la fecha de la presentación de la demanda y de la solicitud del auto inhibitorio; que el demandado solicitó de la expresada corte municipal el traslado del pleito a la Corte Municipal de Caguas, acompañando a la solicitud un *affidavit* de méritos y oponiendo excepciones previas a la demanda; y que la Corte Municipal de Río Piedras dictó resolución en 1º. de febrero de 1921 con audiencia de ambas partes declarando sin lugar la moción de traslado y las excepciones previas aducidas contra la demanda.

Alega además Almenas Quiñones que después de personado en la demanda como demandado, no ha hecho en la acción otra gestión que la de pedir que el pleito sea trasla-

dado a la Corte Municipal de Caguas, habiendo formulado las excepciones previas con el objeto de cumplir con el precepto del artículo 82 del Código de Enjuiciamiento Civil; que el pleito cuyo traslado solicitó a la Corte Municipal de Caguas, no es de la competencia de la Corte Municipal de Río Piedras puesto que a Caguas corresponde su residencia legal; que la orden denegatoria de la moción de traslado no es revisable por medio de apelación y formula su petición de buena fe y no con el propósito de demorar el procedimiento.

La solicitud concluye con la súplica de que por la Corte de Distrito de San Juan, Sección Segunda, se expida un auto inhibitorio ordenando al Juez de la Corte Municipal de Río Piedras y al demandado Hermenegildo Vázquez, que desistan y se abstengan de nuevos procedimientos en la acción antes referida hasta nueva orden de aquella corte y que demuestren el motivo por el cual no debía absolutamente impedírseles cualquier procedimiento ulterior en el pleito.

La corte de distrito dictó resolución en los siguientes términos:

"No constando de los documentos presentados en el caso en cual de dichos municipios tuvo origen la cuestión del litigio incoado ante la Corte Municipal de Río Piedras y por tanto no pudiendo decidir *prima facie* si la resolución del Juez Municipal de Río Piedras negándose a conceder el traslado fué o no errónea, la corte estima que la solicitud de auto inhibitorio no aduce motivos ampliamente satisfactorios y por consiguiente la deniega."

La orden inserta es la materia del presente recurso. La mera lectura de dicha orden revela que la corte de distrito actuó bajo la teoría de que el caso estaba comprendido dentro del artículo 79 del Código de Enjuiciamiento Civil el cual establece en su No. 1º. que el pleito "para obtener el importe de una indemnización o confiscación" fuera del caso que exceptúa, debe verse en el distrito en que la causa del litigio o alguna parte de ella tuvo su origen. Pero el texto español de dicho precepto no está conforme con el texto in-

glés pues éste se refiere a una acción *"for the recovery of a penalty or forfeiture imposed by statute;"* o sea a una acción "para recobrar una penalidad o confiscación establecida por el estatuto" y no para obtener el importe de una indemnización.

Atendido el conflicto que existe en el texto español y el inglés, debe éste tener preferencia sobre aquél en el presente caso, por ser el original, y a él debemos atenernos según jurisprudencia repetida de esta Corte Suprema y Ley No. 8 de 12 de noviembre de 1917 para determinar las reglas de hermenéutica legal aplicables en casos de discrepancia entre los textos castellano e inglés de una ley.

No siendo de aplicación el artículo 79 ni los demás del título 5º. de la Ley de Enjuiciamiento Civil que establecen reglas especiales de competencia para la celebración de los juicios en asuntos civiles, es de darse aplicación al artículo 81 el cual ordena que en todos los demás casos el pleito debe verse en el distrito en que residieren los demandados o algunos de ellos al iniciarse el litigio.

En el presente caso se trata de una acción personal por indemnización y teniendo el demandado su residencia en la ciudad de Caguas, a la corte municipal de esa ciudad y no a la de Río Piedras corresponde el conocimiento del juicio, no importando saber en cual de dichos municipios se originó la causa de acción.

Siendo ello así, procede la expedición del auto inhibitorio solicitado según la Ley de 10 de marzo de 1904 reguladora de la materia.

Es de revocarse la orden apelada expidiéndose el auto inhibitorio en los términos solicitados por el peticionario Julio Almenas Quiñones.

*Revocada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.