ANA MARÍA MANESCAU, peticionaria y apelante, *v.* FERNANDO H. USERA, JUEZ DE LA CORTE MUNICIPAL DE PONCE, demandado y CARMEN RAMÍREZ, interventora y apelada.

No. 6104.—*Sometido:* Diciembre 22, 1933. *Resuelto:* Febrero 2, 1934.

*R. Atiles Moréu,* abogado de la apelante; *Angel Fiol Negrón,* abogado de la interventora y apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un caso en el que está envuelta la cuestión de dónde debe celebrarse el juicio.

Carmen Ramírez formuló demanda en la Corte Municipal de Ponce contra Ana María Manescau, alegando en resumen que en pleito que contra ella siguiera Ana María Manescau en dicha corte municipal en cobro de diez y ocho dólares, se embargó y remató para satisfacer la sentencia una casa de la demandante situada en Ponce que se le adjudicó a la propia Ana María Manescau, y que a la fecha del embargo y del remate dicha casa, que tenía un valor de trescientos cincuenta dólares, constituía el hogar seguro de la demandante y sus hijos menores de edad, estando en tal virtud exenta de embargo y de ejecución. Pide una sentencia que declare: 1, que la casa constituía el hogar seguro de la demandante y sus hijos; 2, que a las fechas del embargo y del remate estaba exenta de embargo y de ejecución; 3, que el embargo y el remate de la misma son nulos; 4, que condene a la demandada a devolver la casa a la demandante, y 5, o si ello no fuere posible, a pagarle su valor, $350, con costas.

Emplazada la demandada, compareció el 21 de marzo de 1932 y presentó simultáneamente una moción de traslado del pleito a la Corte Municipal de San Juan por ser la del lugar de su residencia y otra solicitando la eliminación de ciertos particulares de la demanda.

En abril 14 siguiente la demandante se opuso al traslado por los siguientes motivos:

"1: Que la moción de traslado no viene acompañada de, ni se ha hecho al radicarse contestación o excepciones previas a la demanda. Art. 82 del Código de Enjuiciamiento Civil de Puerto Rico.

"2. Que el juramento que se acompaña a la moción de traslado no es suficiente en derecho, por cuanto en el mismo no se hace constar que la declarante haya explicado los hechos de su caso a un abogado y éste la haya aconsejado que tiene una buena defensa que oponer a las pretensiones de la demanda; ni tampoco se alega en dicho juramento que tenga ella a su juicio una buena defensa que oponer a la demanda, limitándose a decir que no adeuda nada a la demandante, cuando la acción ejercitada no es cobro de dinero y sí en reclamación de un derecho de *homestead*.

"3: Que la acción establecida en este caso no es de naturaleza puramente personal.

"4: Que la propiedad objeto de este litigio está ubicada en Ponce; el márshal que la embargó y remató es el márshal de la Corte Municipal de Ponce y reside en Ponce; la demandante reside en Ponce; y todos los testigos y la prueba, incluyendo el récord del caso que da origen a esta acción están en Ponce, por lo que por dichos motivos y por la conveniencia de los testigos en especial, se servirían mejor los fines de la justicia si el caso se retuviera y viera ante esta Corte Municipal de Ponce."

Dos días después la demandada archivó una nueva moción de traslado por el mismo fundamento, con un *affidavit* de méritos más extenso, y un escrito de excepciones previas.

El 12 de mayo, 1932, la corte municipal resolvió la cuestión que se le planteara, así:

"Se declara sin lugar la moción de traslado por haber quedado la demandada sometida a la jurisdicción de la Corte al no excepcionar o contestar la demanda. Aponte v. Atlas Commercial Co., 27 D.P.R. 245."

Recurrió entonces la demandada en *certiorari* para ante la corte del distrito y ésta decidió el caso como sigue:

"Vistos los artículos 77 y 82 del Código de Enjuiciamiento Civil, la jurisprudencia sentada en los casos de Busó v. Borinquen Sugar Co., 19 D.P.R. 357, y Aponte v. Atlas Commercial Co., 27 D.P.R.

245, y examinados los autos del caso civil No. 12179 de la Corte Municipal de Ponce, de Carmen Ramírez v. Ana María Manescau, sobre reclamación de *homestead,* la Corte declara sin lugar la petición en este caso y anula el auto de *certiorari* expedido, todo ello sin especial condena en costas. El Secretario registrará sentencia de conformidad.''

Registrada la sentencia, se interpuso contra ella el presente recurso de apelación.

■ La primera cuestión suscitada es la de si cabe una petición de traslado tratándose como se trata de un pleito entablado en una corte municipal.

Desde 1923 la cuestión quedó resuelta expresamente por esta corte en sentido afirmativo en el caso de *Rivera* v. *Aybar,* 32 D.P.R. 548. La opinión fué emitida por el Juez Asociado Sr. Aldrey, y en ella se dijo:

''El Código de Enjuiciamiento Civil, que fué promulgado para la tramitación de los procedimientos civiles en las cortes de distrito, establece en sus artículos 75 al 86, inclusive, reglas fijando el lugar en el que deben verse los pleitos y los casos en que deben ser trasladados a otra corte de distrito, disposiciones que son aplicables a las cortes municipales por haber dispuesto la sección 3ª. de la ley de 1904 reorganizando el sistema judicial que todos los procedimientos ante las cortes municipales deberán ser tramitados conforme a las reglas y procedimientos en práctica en las cortes de distrito. Es cierto que por haber sido promulgado el Código de Enjuiciamiento Civil para las cortes de Distrito se refiere a traslados de una corte de distrito a otra de igual categoría, pero como dicho cuerpo legal rige también en las cortes municipales, cuando de éstas se trata ha de entenderse que el traslado es de una corte municipal a otra de la misma jurisdicción para que pueda cumplirse el precepto de que las acciones personales, como la ejercitada en esta demanda, deben verse en el distrito municipal donde residiere el demandado al iniciarse el litigio y pueda ser trasladada a él si se presenta en otro distrito municipal y se solicita el traslado de acuerdo con la ley.''

Y desde mucho antes lo había sido implícitamente en igual sentido por lo menos en los casos de *Ortiz* v. *Gómez,* 21 D.P.R. 507 y *Almenas* v. *Iriarte, Juez Municipal,* 29 D.P.R. 376.

■ La segunda cuestión a considerar es la de si no ha-

biendo presentado la demandada su primera petición de traslado al comparecer a contestar o formular excepciones, quedó sometida a la jurisdicción de la corte en que el pleito se iniciara.

Examinados los hechos del caso de *Aponte* v. *Atlas Commercial Co.*, 27 D.P.R. 245, que sigue la norma trazada por el de *Busó* v. *Borinquen Sugar Co.*, 19 D.P.R. 357, encuéntrase que son iguales a los del presente. Aplicando los principios en esos casos establecidos sólo cabría dictar una resolución, confirmar la sentencia recurrida. Pero la apelante invoca un caso posterior, el de *Ramos* v. *Lloveras*, 36 D.P.R. 685, y sostiene, con razón a nuestro juicio, que decide la cuestión envuelta en su favor.

Es cierto que según el resumen, dicho caso sólo resuelve que "una moción de traslado fundada en que se reside en otro distrito, no habiendo indicación alguna de que sea claramente frívola o evidentemente dilatoria, debe ser resuelta antes de procederse a la vista del caso y de dictarse sentencia", y que en el curso de la opinión se dice: "Desde luego que no nos confrontamos aquí con elemento alguno de renuncia o sumisión implícita, como en los casos de *Busó* v. *Borinquen Sugar Co.*, supra, *Ortiz* v. *Gómez*, 21 D.P.R. 507; y *Aponte* v. *Atlas Commercial Co. et al.*, 27 D.P.R. 245." Pero si se estudia cuidadosamente se verá que después de un examen cuidadoso del origen y significado de la ley y de la jurisprudencia, concluye:

"Si se interpretan las palabras 'al tiempo de contestar o excepcionar la demanda' de acuerdo con el espíritu y objeto de la disposición que estamos considerando como que quieren decir 'en el momento o antes de contestar o excepcionar,' entonces la conclusión a que llegó el comisionado codificador de California es una cuestión de poca monta. Pero las palabras 'comparece y' contenidas en la disposición anterior eran y son significativas, ya que indican la intención predominante en las mentes de los primeros legisladores—no obstante el desaliño con que fueron expresadas—a saber, al tiempo de la primera comparecencia de un demandado, ya fuera mediante contestación, excepción previa, o en cualquier otra forma. Ninguno

de los casos citados combate la idea de un límite de tiempo y de una renuncia como el principio fundamental de la restricción estatutaria sobre el derecho del demandado, que de lo contrario es absoluto, a solicitar el traslado del juicio; y la mayoría de las decisiones, en tanto en cuanto se inclinan hacia una u otra dirección, tienden a sostener esa teoría.''

Y como ese criterio permite un reconocimiento más franco del derecho que el legislador reconoce a los litigantes a que el pleito se tramite en el lugar correspondiente y no se tenga a una parte por sometida cuando a todas luces se observa que no fué ésa su intención, a él nos adherimos nuevamente. Y a fin de dejar esclarecido por completo el punto resolvemos que los casos de *Aponte* v. *Atlas Commercial Co.*, 27 D.P.R. 245 y *Busó* v. *Borinquen Sugar Co.*, 19 D.P.R. 357, y todos los otros que los sigan quedan revocados en tanto en cuanto se oponga a la regla que rige en esta jurisdicción tal como se expuso en el caso de *Ramos* v. *Lloveras*, 36 D.P.R. 685, 695, a saber: *que el traslado debe solicitarse al tiempo de la primera comparecencia del demandado, ya fuera esa comparecencia mediante contestación, excepción previa, o en cualquiera otra forma* como se hizo en este caso al presentar una moción eliminatoria.

Esto decidiría el recurso si el único motivo de oposición a la solicitud de traslado hubiera sido el de la sumisión de la demandada. Mas no fué así. Sabemos que se alegó también que el juramento de la solicitud era insuficiente, que la acción ejercitada por la demandante no era de naturaleza puramente personal, que la propiedad objeto del litigio está ubicada en Ponce y que toda la prueba documental está allí y los testigos residen en dicha ciudad.

Podemos prescindir de la cuestión del juramento por no ser importante dadas las circunstancias que en el caso concurren y la jurisprudencia sobre la materia y debemos prescindir de la cuestión de la prueba y residencia de testigos por no ser el momento oportuno para suscitarla, pero es necesario considerar y resolver si el caso debe regularse o no por el

No. 1 del artículo 75 del Código de Enjuiciamiento Civil que dice:

"Artículo 75.—Deberán substanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la Corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este Código, los pleitos que se sigan por las causas siguientes:

"1. Para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquiera forma dicho derecho o interés, y por daños causados a propiedad inmueble."

No hemos tenido el beneficio de una discusión entre las partes. La demandante se limita a afirmar su derecho. Parece que confió enteramente en la sumisión. La demandada sostiene que una reclamación de *homestead,* después del lanzamiento, es una reclamación en cobro de dinero, y por ende, una acción personal, citando los casos de *Hedilla* v. *Monagas,* 38 D.P.R. 27, y 29 C. J. 783.

En el caso de *Hedilla,* supra, la corte, hablando por su Juez Asociado Sr. Wolf, dijo:

"Respecto a la contención principal, nos sentimos obligados a resolver que después que una persona con derecho al hogar seguro es lanzada de la propiedad mediante el procedimiento sumario de la Ley Hipotecaria, no tiene derecho a comparecer en ese procedimiento hipotecario para reclamar la distribución de los $500 que le pertenecen. El procedimiento hipotecario en el presente caso fué enteramente completo y resuelto. Por supuesto, no surgió cuestion alguna de interrupción, en vista de que los procedimientos fueron completos, y creemos que no puede haber cuestión en cuanto a si se debe o no retroceder a considerar la reclamación de la peticionaria. La reclamación del pago· de los $500 es ahora una de dinero, a pesar de que existe un gravamen sobre la propiedad. ˙Debe radicarse un pleito independiente contra la persona que corresponda, para recobrar la cantidad reclamada."

Lo que se decidió fué que procedía la radicación de un pleito independiente del ejecutivo sumarísimo en que la finca se había ejecutado. No se resolvió la cuestión aquí envuelta.

La cita de Corpus Juris, dice:

"El derecho de hogar seguro no posee ninguno de los requisitos esenciales de una enajenación; es meramente un derecho o privilegio otorgado por disposiciones constitucionales o estatutarias.

"Es un derecho puramente personal que sólo puede ser ejercido para beneficio del deudor y su familia." 29 C. J. 783, 784.

En el párrafo anterior dice la misma autoridad:

"El derecho a hogar seguro depende enteramente de disposiciones orgánicas o estatutarias, no conociéndose en el derecho común nada similar; y no puede haber, desde luego, mayor derecho en la propiedad sujeta al hogar seguro que el creado por estas disposiciones. En vista de la diferencia existente en la fraseología de las leyes relativas a hogar seguro en las distintas jurisdicciones el interés creado por las mismas difiere considerablemente." 29 C. J. 783.

Y en los párrafos que siguen:

"Las disposiciones sobre hogar seguro no crean un nuevo título ni perturban el título de la propiedad. Tampoco dan mayor fuerza ni amplían el título ya existente. Solamente el uso de la propiedad se modifica mas no el título mismo. No crean ningún interés en los bienes cuando las partes que alegan el derecho de hogar seguro no tienen interés o títulos en los mismos; tampoco constituyen una defensa en una acción de sanamiento o en una acción reivindicatoria.

"En algunas jurisdicciones el criterio adoptado es que el hogar seguro no es un derecho absoluto sino meramente una excepción, cuyo objeto es impedir que se haga uso de los procedimientos de la corte para vender determinados bienes en pago de deudas. En otras jurisdicciones el derecho de hogar seguro se considera como un título en la propiedad, en favor de la persona designada por la ley y se le califica indistintamente con el nombre de 'feudo,' 'propiedad absoluta' o 'propiedad vitalicia' y como una tenencia en común con derecho a supervivencia entre marido y mujer.

"En otras jurisdicciones, sin clasificar el derecho más definidamente, se ha resuelto que el hogar seguro es algo más que un mero privilegio y que equivale a un derecho, y que si bien el hogar seguro no es quizá un nuevo título que pueda transferirse por enajenación, es un interés o derecho en el hogar de duración indeterminada y del cual está investido el dueño en tal forma que la legislatura carece de facultades para abrogar la ley que lo crea."

La ley de Puerto Rico se encuentra en las Leyes de 1903 y en la Compilación de 1911, p. 230. Estudiándola se observa

que si bien el derecho se reconoce al jefe de familia como tal, lo es siempre en relación con una propiedad real.

No está desprovista de fundamento la afirmación de la apelante con respecto a que la acción queda reducida a una en cobro de pesos después del lanzamiento, pero aquí si bien se reclama en forma subsidiaria la suma de $350, valor de la casa vendida, se pide en primer término el reconocimiento del derecho sobre la propiedad, la anulación del embargo y de la venta y la restitución de la misma. Todo gira alrededor de un bien inmueble y parece estar comprendido dentro del No. 1 del artículo 75 del Código de Enjuiciamiento Civil, cubriendo el derecho reclamado no una parte sino la totalidad de dicho inmueble.

Siendo ello así, es la Corte Municipal de Ponce la en que debe sustanciarse el litigio y en tal virtud no era procedente el traslado solicitado. *Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF

Hace algún tiempo, en el caso de *Rivera* v. *Aybar,* 32 D.P.R. 548, disentí de la opinión del tribunal concediendo un traslado de una corte municipal a otra, y puede acudirse a ese caso.

En el presente, sin embargo, aun suponiendo que tal traslado procede, sostengo que la demandada no se colocó en posición de poder obtenerlo.

El artículo 82 del Código de Enjuiciamiento Civil dispone, en su texto inglés, lo que sigue:

"If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district."

En el presente caso, Ana María Manescau, demandada en un pleito incoado en la Corte Municipal de Ponce, compareció para solicitar que se eliminaran ciertos particulares de la de-

manda radicada por Carmen Ramírez y que se trasladara el caso al distrito municipal en que residía la demandada. Ana María Manescau no contestó o excepcionó la demanda, y su moción eliminatoria fué su primera comparecencia en el caso. Como apelante en este tribunal, Ana María Manescau sostiene que ella tenía derecho al traslado antes de contestar o excepcionar, al radicar su petición, la declaración jurada, y la moción para eliminar.

Tomando el artículo 82 en su significación literal, no cabe duda en mi mente de que el único momento en que el demandado en una acción transitoria, o una no puramente local, puede solicitar el traslado, es cuando contesta o excepciona. A mi juicio, ése es el significado palmario de las palabras del estatuto. Descartando, por el momento, la historia y la interpretación dada a un precepto similar en California, Washington, y en alguna otra parte, a simple vista deberíamos decir que el estatuto debe ser interpretado en esa forma. Esta contención la fortalece la traducción al castellano del mismo artículo, que lee así:

"Si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente."

Esa fué la interpretación dada a ese artículo por este Tribunal en *Torres et al.* v. *Torres et al.,* 16 D.P.R. 352; *Busó* v. *Borinquen Sugar Co.,* 19 D.P.R. 357; *Ortiz* v. *Gómez,* 21 D.P.R. 507; y *Aponte* v. *Atlas Commercial Co. et al.,* 27 D. P.R. 245. También ésa es la tendencia del caso de *Gómez* v. *Junta Examinadora, etc.,* 40 D.P.R. 662, 667.

Se propone, sin embargo, que se revoque la jurisprudencia sentada por esta corte, con motivo de la opinión dictada en el caso de *Ramos* v. *Lloveras,* 36 D.P.R. 685. Ciertamente, según se dijo en *Ortiz* v. *Gómez,* supra, cuando un demandado cumple con el artículo 82 del Código de Enjuiciamiento Civil, la obtención de un traslado no es discrecional para la corte,

sino que es un derecho. Sin embargo, a virtud de numerosas decisiones, si bien existe un derecho, es, además, un privilegio que puede abandonarse. Aunque algunas de las decisiones y el caso de *Ramos* v. *Lloveras* indican que ese derecho debe ser liberalmente considerado en bien del propósito del estatuto, esa cuestión de liberalidad, si se estudia todo el artículo, no ha de entenderse necesariamente a favor del demandante, o del demandado.

El fin del artículo es obviamente doble. Según he dicho, tiene por mira conceder al demandado el derecho al traslado bajo ciertas circunstancias, pero su claro significado es también para impedir demoras innecesarias y gravosas.

Del estudio algo superficial que he hecho de los precedentes históricos, he venido al conocimiento de que hubo un tiempo en que era difícil demandar a alguien a menos que el pleito se incoara en el sitio en que surgieron los hechos y aun así a veces se hacía difícil obtener jurisdicción sobre el demandado si éste no vivía allí. Constituyó un paso de avance el permitir que el demandado en una acción transitoria lo fuese doquiera se hallase. Así se fomentó la tramitación de litigios. Entonces vinieron las disposiciones reparadoras de los códigos de varios estados, de las cuales el artículo 82, supra, es un ejemplar.

Es de observarse que cuando cualquiera de las partes solicita el traslado del juicio a causa de la conveniencia de los testigos, la ley hoy en día es que tal solicitud no puede hacerse hasta que se radique la contestación, pues la corte no puede llegar a una conclusión definitiva en torno a la conveniencia de los testigos antes de saber cuál es la contienda litigiosa entre las partes. Análogamente, sostengo que la corte no puede saber que la moción de traslado es genuina hasta que se ha radicado una contestación o una excepción previa, bajo la fe de una parte, cuando, por un *affidavit* de méritos de esa parte o en alguna otra forma, la corte llega al convencimiento de que la moción no se ha hecho con fines dilatorios o para obstaculizar o entorpecer al demandante.

El artículo 82 del Código de Enjuiciamiento Civil no fué forjado meramente para permitir a un demandado insistir en el traslado del pleito. Fué además promulgado para evitar demoras indebidas.

Volviendo ahora al significado literal del artículo 82, dijimos en el caso de Busó:

"Como se ve, el artículo transcrito exige terminantemente que el traslado se pida al comparecer a contestar o a formular excepciones, según el texto español, y según el texto inglés, al tiempo en que el demandado comparece y contesta o excepciona la demanda.

"Alega la parte apelante que no es indispensable que a toda moción de traslado vaya unida una excepción previa o contestación, sino que basta que al hacer la primera comparecencia en el pleito acompañe el demandado, como ha sucedido en el presente caso, su moción de traslado. Tal defensa es inadmisible por ser contraria al precepto claro y terminante del artículo 82 del Código de Enjuiciamiento Civil, de cuyo texto literal no podemos apartarnos, atemperándonos así al artículo 13 de nuestro Código Civil. 'Cuando la ley es clara y libre de toda ambigüedad (dice ese artículo) la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu.' "

Examinando la jurisprudencia del Estado de California, no encuentro un solo caso en que se haya permitido a la parte demandada obtener el traslado sin haber comparecido y excepcionado o contestado. El caso principal sobre este extremo es el de *Cook* v. *Pendergast,* 61 Cal. 72. En el cuerpo de la opinión la corte dijo:

"El artículo 396 del Código de Enjuiciamiento Civil dispone, en efecto, que puede tenerse al demandado por desistido de su derecho al cambio del lugar del juicio por no haberse iniciado el pleito en el condado correspondiente, a menos que al tiempo en que primeramente comparece, bien por contestación o por excepción previa, radique un *affidavit* de méritos y solicite por escrito el traslado al condado correspondiente. . . . .

"El artículo 396 ha variado la regla—si alguna vez lo fué—que exigía que la moción, o la notificación de ésta, procediera o acompañara en *todos los casos* a la contestación o la excepción previa. La

prohibición de una moción basada en que 'el condado que se designa en la demanda no es el correspondiente,' a no ser que se presente el *affidavit* y se haga la solicitud escrita cuando se radica la contestación o la excepción previa, es de por sí un permiso para que el demandado presente una moción fundada en cualquier otro motivo estatutario, sin el *affidavit* y la solicitud (*demand*) dentro de un tiempo razonable después de su comparecencia. De lo contrario, ¿por qué se exige ese requisito previo cuando se trata de mociones fundadas en el motivo específicamente mencionado? (*Expressio unius*, etc.). Siempre se ha resuelto que, siendo dilatorias, esas mociones deben tramitarse con diligencia.''

Es perfectamente cierto que en ese caso no se trató de obtener el traslado antes de contestar o excepcionar. El caso giró sobre un punto distinto. Sin embargo, el *dictum* de la corte en el cuerpo de la opinión es que la solicitud de traslado debe hacerse al contestar o excepcionar.

El caso lo citan algunas veces los comentaristas, en cuanto al punto de que una moción de traslado debe hacerse al tiempo de contestar, o antes. Esas palabras que aparecen al final de la opinión, fueron, a mi juicio, una mera inadvertencia de la corte. Lo que ésta decidió en ese párrafo de la opinión fué que el demandante no podía solicitar que se retuviese el caso por el motivo de la conveniencia de los testigos antes de que el demandado hubiera contestado; y la palabra ''antes'' usada en ese párrafo no tenía nada que ver con lo que se estaba fallando.

En *Wood, Curtis & Co.* v. *Herman Mining Co.*, 139 Cal. 713, se resolvió claramente que el demandado debe comparecer mediante contestación o excepción previa, y que si presenta una u otra, tiene derecho a ser oído sobre la moción. La corte indica allí que el demandado podría también radicar una moción eliminatoria junto con su contestación o excepción previa. Tampoco estuvo envuelta la cuestión exacta con que nos confrontamos.

En el caso de *Wadleigh* v. *Phelps*, 147 Cal. 542, se resolvió que un demandado que presentó moción de traslado después de su contestación o excepción previa, había perdido su pri-

vilegio. La corte, no obstante, dijo: "Esa solicitud debe hacerse al tiempo de su primera comparecencia, ya sea por contestación o por excepción previa."

En *Nicholl* v. *Nicholl*, 66 Cal. 36, el tribunal dijo:

"El *affidavit* de méritos y la solicitud para que el juicio se celebrara en el condado correspondiente, que fueron radicados antes de que el demandado contestase o excepcionase, eran totalmente inútiles. Para que sirvan de algo, ese *affidavit* y esa solicitud deben radicarse cuando el demandado comparece y contesta, o excepciona."

La opinión no fué emitida por un juez individual a nombre del tribunal, sino por toda la corte. Esto, sin embargo, no afecta la fuerza de la resolución. Aparentemente, allí el demandado hizo dos cosas: solicitó el traslado antes de contestar o excepcionar, pero posteriormente excepcionó y pidió el traslado. La corte inferior concedió el traslado, y en apelación se resolvió que la moción original era ineficaz, pero que la posterior debía prevalecer.

En *Palmer* v. *Barclay*, 92 Cal. 199, la cuestión resuelta fué la de si un *affidavit* de méritos insuficiente podía enmendarse, al amparo del artículo 473 del Código de Enjuiciamiento Civil de California, que corresponde al 140 de nuestro código. La corte resolvió que podía hacerse la enmienda. En el curso de la opinión, el tribunal, después de copiar el artículo que corresponde al 82 de nuestro Código de Enjuiciamiento Civil, dijo:

"El apelante sostiene que la corte erró al declarar con lugar la moción, porque el primer *affidavit* era insuficiente y el segundo no podía considerarse ya que, según se dijo en Nicholl v. Nicholl, 66 Cal. 37, 'para que sirva de algo, ese *affidavit* y esa solicitud deben radicarse cuando el demandado comparece y contesta o excepciona.' "

En otras palabras, la corte cita el caso de *Nicholl* v. *Nicholl* como la jurisprudencia aceptada.

Esto me lleva a otro punto. Cuando ha surgido una cuestión de práctica, el foro y la judicatura del estado la conocen. Frecuentemente, la práctica la conoce toda la profesión, pero no aparece indicio alguno de ella en la jurisprudencia del

estado. Es parcialmente por este motivo que se le hace tan difícil a un abogado de un estado ejercer en otro, aun cuando explore toda la jurisprudencia. Los abogados locales son casi invariablemente necesarios.

El caso de *Nicholl,* supra, ha sido aceptado por todos los comentaristas del código que he podido encontrar, v. g., Bancroft y California Jurisprudence. Tan es así, que las palabras "and appears" han sido eliminadas, por superfluas, del Código de Enjuiciamiento Civil de California. 2 Bancroft, Code Practice and Remedies, pág. 1461, nota 14; 25 Cal. Jur. 896, 897, nota 18.

La jurisprudencia de Montana aparentemente sostiene las conclusiones a que he llegado. *Danielson* v. *Danielson,* 203 Pac. 506; *O'Hanion* v. *Great Northern Ry. Co.,* 245 Pac. 518.

El Estado de Washington aparece resolviendo a favor de la contención de la apelante. Empero, si se examina el fundamento de la jurisprudencia de ese estado, está lejos de ser satisfactorio. El primer caso que he encontrado es el de *State ex rel. Cummings* v. *Superior Court,* 32 Pac. 457. El sumario número 2 dice:

"Cuando el demandado, al tiempo de solicitar el traslado, radica un *affidavit* de méritos y una moción para que se le entregue un pliego de particulares, y cuando recibe ese pliego radica su contestación, el estatuto queda suficientemente cumplido."

Lo que el caso decide esencialmente es que un demandado puede comparecer y solicitar un pliego de particulares y si posteriormente radica su contestación, eso constituye una observancia suficiente de la ley. La corte dice:

"Es posible que, aun después de la radicación de la solicitud y del *affidavit* de méritos, la corte esté justificada para retener la causa hasta que la contienda esté trabada; pero una vez hecha la solicitud y radicado el *affidavit* de méritos, la corte pierde su derecho a juzgar el caso, y, a lo sumo, sólo podría retenerlo hasta que se establezca por las alegaciones que hay una controversia para juicio."

El caso de *State* v. *Superior Court*, 168 Pac. 164, cita del de *Cummings* v. *Superior Court*, supra, y trata el caso anterior como si hubiera resuelto definitivamente que un demandado tiene derecho al traslado al radicar un aviso de comparecencia. La corte razona que se puede formular un número de mociones con anterioridad a la presentación de la contestación o la excepción previa, y, por consiguiente, que al demandado no debe privársele de su derecho a hacer cualquiera de esas mociones. Pero, a mi modo de pensar, no se aduce motivo satisfactorio alguno para descartar el lenguaje claro del estatuto.

Otros casos del estado de Washington son: *State ex rel. Owen* v. *Superior Court*, 187 Pac. 708, y *State ex rel. Redlinger* v. *Superior Court*, 193 Pac. 676.

En otras palabras, toda la jurisprudencia de Washington fué levantada, según mi modo de ver, sobre la base de una interpretación equivocada del primer caso.

En verdad, yo podría estar conforme con la jurisprudencia del primer caso aludido, al efecto de que un demandado puede comparecer en la corte en que se le demanda y solicitar cualquiera medida preliminar que precise para redactar su contestación o su excepción previa, pero, a tenor del estatuto, sólo tiene derecho al traslado cuando contesta o excepciona. Esto significaría que la conjunción copulativa contenida en las palabras "when he appears and answers or demurs" ("cuando comparece y contesta o excepciona") podría interpretarse en el sentido de que establece el hecho de que el momento para contestar o excepcionar puede diferirse, a fin de prepararse para uno u otro paso, pero que el derecho o privilegio al traslado no surge hasta que de fijo se radica la contestación o la excepción previa.

Estoy autorizado para decir que, a excepción del primer párrafo, el Juez Asociado Sr. Aldrey está conforme con esta opinión.